IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | DATE FILED: |
| INGRID SHEPARD | : | VIOLATION:<br>18 U.S.C. § 1343 (wire fraud – 1 count) |
| | : | Notice of forfeiture |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this Information:

1. Defendant, INGRID SHEPARD, served as the treasurer and president of the Germantown Special Services District ("GSSD") in Philadelphia, Pennsylvania. GSSD was a quasi-governmental authority that received its operating funds from a special tax assessed on local businesses in the Germantown section of Philadelphia. GSSD was responsible for cleaning the sidewalks and streets around Germantown businesses and was responsible for trash removal.

2. Citizens Bank was a financial institution headquartered in Providence, Rhode Island.

3. Wells Fargo was a financial institution headquartered in San Francisco, California.

4. Bank of America was a financial institution headquartered in Charlotte, North Carolina. Merrill Lynch was an investment division of Bank of America.

5. Bryn Mawr Trust was a financial institution headquartered in Bryn Mawr Pennsylvania.

6. From on or about November 20, 2015, through on or about October 3, 2018, in the Eastern District of Pennsylvania, and elsewhere, defendant

**INGRID SHEPARD**

devised and intended to devise a scheme to defraud Germantown Special Services District, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

**MANNER AND MEANS**

It was part of the scheme that:

7. Defendant INGRID SHEPARD routinely used her volunteer position as treasurer and president to unlawfully access Germantown Special Services District's (GSSD's) bank accounts at Citizens Bank and Wells Fargo for her own and others' personal gain.

8. Defendant INGRID SHEPARD wrote unauthorized checks made payable to herself from GSSD's Citizens Bank account ending in 7436. Defendant SHEPARD then deposited the checks into her personal bank account at Bank of America ending in 8228.

9. Defendant INGRID SHEPARD made money orders payable to herself utilizing GSSD's Wells Fargo Bank account ending in 0441. Defendant SHEPARD then deposited some of the money orders into The One Less Foundation's Bryn Mawr Trust account ending in 9617. The One Less Foundation was a nonprofit organization defendant SHEPARD operated.

10. Defendant INGRID SHEPARD wrote unauthorized checks made payable to Run Germantown, another nonprofit organization she operated. Defendant SHEPARD then deposited the checks into   Run Germantown's account ending in 6847 at Citizens Bank. Defendant SHEPARD then electronically transferred some of the funds from   Run Germantown's Citizens

Bank account ending in 6847 to her personal Merrill Lynch/Bank of America account ending in 0510.

11.     Defendant INGRID SHEPARD also made unauthorized cash withdrawals from GSSD's Citizens Bank account ending in 7436 and GSSD's Wells Fargo account ending in 0441. Defendant SHEPARD deposited cash into   Run Germantown's Citizens Bank account ending in 6847. Defendant SHEPARD then gave some of the cash to others and kept some for herself. Defendant SHEPARD used her portion of the cash for her own personal expenses.

12.     On or about the date set forth below, in the Eastern District of Pennsylvania, defendant

## INGRID SHEPARD

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, on or about the date listed below,

| Count | Date | Description |
|---|---|---|
| 1 | 07/20/2017 | An unauthorized wire transfer of $1,000.00 transmitted from Citizen's Bank account ending in 6847 to Merrill Lynch/Bank of America account ending in 0510. |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1343, set forth in this indictment, defendant

**INGRID SHEPARD**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violation, including, but not limited to, the sum of $125,124.08 and:

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

*Ronald Sarach* for
_____
**JENNIFER ARBITTIER WILLIAMS**
**United States Attorney**

No. _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

INGRID SHEPARD

INFORMATION

Counts
18 U.S.C. § 1343 (wire fraud - 1 count)
Notice of forfeiture

A true bill.

_____
Foreman

Filed in open court this _____ day,
Of _____ A.D. 20___

_____
Clerk

Bail, $ _____