IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 22-148** |
| **INGRID SHEPARD** | : | **Filed Under Seal** |

### GOVERNMENT'S MOTION FOR ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Tiwana Wright, Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On May 10, 2022, Ingrid Shepard was charged in an Information with violating 18 U.S.C. § 1343, wire fraud (Count One).

2. The Information also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that certain property was forfeitable, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of her violation of 18 U.S.C. § 1343 (Count One). The Notice of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. The defendant entered into a Guilty Plea Agreement, whereby she agreed, inter alia, to plead guilty to Count One of the Information. The defendant further agreed not to contest forfeiture as set forth in the Notice of Forfeiture.

4. The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Order of Forfeiture shall become final as to the defendant prior to her sentencing.

5. On May 25, 2022, the defendant pleaded guilty to Count One of the Information, pursuant to the Guilty Plea Agreement.

6. As a result of her guilty plea, the defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to forfeit criminally her interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the violation charged in Count One of the Information.

7. Based upon the facts set forth at the defendant's plea hearing, as well as those set forth in the Government's Plea Memorandum, and in the record as a whole, the government avers that the sum of $125,124.08 in United States currency is subject to forfeiture as a result of the defendant's guilty plea to Count One of the Information, and that the government has established the requisite nexus between such property and the offense.  This amount represents the value of proceeds that the defendant obtained and are traceable to her commission of wire fraud, in violation of 18 U.S.C. § 1343, as charged in to Count One of the Information. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of

forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

    8.  The government, therefore, requests that this Court enter, against the defendant, a forfeiture money judgment in the amount of $125,124.08

    9.  Due to the defendant's acts or omissions, the $125,124.08 in proceeds are not currently available to the government for forfeiture, and the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met.  Based on the facts set forth at the defendant's plea hearing, as well as those set forth in the government's Plea Memorandum and in the record as a whole, the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty.  Accordingly, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $125,124.08.

    10.  Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding or guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A).  When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional

evidence or Indictment submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

11. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel.

12. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

13. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgement and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

For the reasons stated above, the government requests that this Court enter the attached Order.

                                            Respectfully submitted,

                                            JACQUELINE C. ROMERO
                                            United States Attorney

                                            */s/ Sarah L. Grieb*
                                            SARAH L. GRIEB
                                            Assistant United States Attorney
                                            Chief, Asset Recovery and Financial Litigation

                                            */s/Tiwana Wright*
                                            TIWANA L. WRIGHT
                                            Assistant United States Attorney

Date:   December 27, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 22-148 |
| **INGRID SHEPARD** | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Ingrid Shepard's guilty plea as to Count One of the Information, charging her with wire fraud, in violation of 18 U.S.C. § 1343, the defendant is required to forfeit criminally her interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the aforesaid offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. All property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1343, is forfeited to the United States.

3. The sum of $125,124.08 represents the value of property which constitutes or is derived from proceeds that the defendant obtained and are traceable to the offense charged in Count One of the Information.

4. The defendant shall forfeit to the United States $125,124.08 in proceeds that she obtained and are traceable to her violation of 18 U.S.C. § 1343 as charged in Count One of the Information, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

5. A money judgment in the amount of $125,124.08 is hereby entered against the defendant.

6. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment.

7. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to her sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

9. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

10. Upon entry of this Order, the Attorney General or a designee, pursuant to

Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI") and to counsel for the parties.

ORDERED this ___ day of _____, 2023.

_____
**HONORABLE R. BARCLAY SURRICK,**
**United States District Court Judge**

# **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

> NATASHA TAYLOR-SMITH
> FEDERAL COMMUNITY DEFENDER OFFICE - EDPA
> 601 WALNUT ST, SUITE 540 WEST, THE CURTIS BUILDING
> PHILADELPHIA, PA 19106 USA
> natasha_taylor-smith@fd.org
> 215-928-1100

                              */s/Tiwana Wright*
                              TIWANA L. WRIGHT
                              Assistant United States Attorney

Date: December 27, 2022